USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: December 28, 2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

| | |
|---|---|
| JOSUE PAGUADA, on behalf of himself and all others similarly situated, | DOCKET NUMBER: 1:20-cv-06677-ALC-SN |
| *Plaintiffs* | |
| vs. | |
| VITA-MIX CORPORATION, | |
| *Defendant* | |

## CONSENT DECREE

1. This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 7, by and between the following parties: Plaintiff Josue Paguada ("Plaintiff") and Defendant Vita-Mix Corporation ("Defendant"). Plaintiff and Defendant are collectively referred to as the "Parties" for the purposes and on the terms specified herein.

## RECITALS

2. Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181-12189 (the "ADA"), and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); C.F.R. § 36.201(a).

3. N.Y.C. Administrative Code § 8-107(4) ("NYCHRL") provides that "[i]t shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation, because

1

of…disability…directly or indirectly, to refuse, withhold from or deny to such person, any of the accommodations, advantages, facilities or privileges thereof."

4. On or about August 20, 2020, Plaintiff filed the above-captioned action in the United States District Court for the Southern District of New York (the "Action"). Plaintiff alleges that Defendant's website, www.vitamix.com, (the "Website") is not equally accessible to blind and visually impaired consumers in violation of the ADA and NYCHRL.

5. Defendant expressly denies that the Website violates any federal, state or local law, including the ADA and the NYCHRL and it denies any other wrongdoing or liability whatsoever. By entering into this Consent Decree, Defendant does not admit any wrongdoing.

6. This Consent Decree is entered into by Plaintiff, individually, but is intended by the Parties to insure to the benefit of vision impaired individuals who are members of the putative class alleged in the Complaint.

## DEFINITIONS

7. "Effective Date" means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

8. "Reasonable Efforts" means, with respect to a given goal or obligation, the efforts that a reasonable person or entity in Defendant's position would use to achieve that goal or obligation. Reasonable Efforts shall be interpreted so as to not require Defendant to undertake efforts the cost, difficulty or impact on the Website of which could constitute an undue burden, as defined in Title III of the ADA but as applied solely to the Website - as though the Website were a standalone business entity, or which efforts could result in a fundamental alteration in the manner in which Defendant operates the Website - or the primary functions related thereto, or which could result in a loss of revenue or traffic on their Website-related operations.

## WEBSITE ACCESSIBILITY CONFORMANCE TIMELINE

1.      To the extent not already done, within twelve (12) months from the Effective Date, ("Modification Period"), Defendant shall bring the Website (or any successor website) into substantial conformance in reasonable respects with the applicable Web Content Accessibility Guidelines ("WGAC") 2.1 Level AA.  Should Congress, the Department of Justice, or the United States Supreme Court issue a ruling or final regulations (as applicable) adopting a legal standard for website accessibility that is different from the WCAG 2.1, Defendant shall have the option of substantially complying with such legal standard in its sole and absolute discretion. Notwithstanding the foregoing, Third-Party Content (as defined below) on the Website will not be required to meet the WCAG 2.1. (The term "Third-Party Content" refers to web content that is not developed or owned by Defendants.  The Parties further agree that Defendant can link to Third-Party Websites (as defined below) and shall not be responsible or liable for the state of their accessibility to individuals with disabilities. (The term "Third-Party Websites" refers to websites that are not developed, owned and operated by Defendant). The Parties also agree that if the U.S. Department of Justice or a Court with jurisdiction over this matter determines that the WCAG standard or any successor standard that Defendant may have utilized are not required by applicable law, Defendant may choose, in its discretion, to cease the remediation efforts described above.

9.      If Defendant is unable to achieve substantial conformance with the applicable WCAG guidelines despite having used Reasonable Efforts to achieve substantial conformance, it shall be deemed to have satisfied its obligations under this Consent Decree as set forth herein regarding remediation of the Website.

## ENFORCEMENT AND OTHER PROVISIONS

10.     The interpretation and enforcement of this Consent Decree shall be government by the laws of the State of New York.

11.     If any provision of this Consent Decree is determined to be invalid, unenforceable or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provision, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

## **PERSONS BOUND**

12.     The Parties to this Consent Decree expressly intent and agree that this Consent Decree shall inure to the benefit of all persons with vision disabilities as defined by the ADA, including those who utilize a screen reader to access the Website, which disabled persons shall constitute third-party beneficiaries to this Consent Devree, but it does not bind members of the putative class identified in Plaintiff's Complaint as no class has been certified.

13.     The signatories represent that they have the authority to bind the respective parties, Plaintiff and Defendant to this Consent Decree.

14.     This Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each party executing it. The Parties each had an opportunity to consult with their counsel prior to executing this Consent Decree.

By: /s/ Josue Paguada
Josue Paguada
Date: 11/19/2020

By: /s/ Greg Teed
Name:
On behalf of Vita-Mix Corporation
Date: 11/23/2020

MARS KHAIMOV LAW, PLLC

By: /s/ Mars Khaimov
Mars Khaimov
10826 64th Avenue, Second Floor
Forest Hills, New York 11375
*Attorneys for Plaintiff*

WINGET, SPADAFORA &
SCHWARTZBERG, LLP

By: /s/ Heidi Gootnick
Heidi M. Gootnick
45 Broadway, 32nd Floor
New York, New York 10006
*Attorneys for Defendant*
Date: 11/30/2020

## COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE

THE COURT, HAVING CONSIDERED the pleadings, law, underlying facts and having reviewed this proposed Consent Decree,

FINDS AS FOLLOWS:

1) This Court has jurisdiction over the Action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188;

2) The provisions of this Consent Decree shall be binding upon the Parties;

3) Entry of this Consent Decree is in the public interest;

4) This Consent Decree is for settlement purposes only and does not constitute an admission by Defendant of any of the allegations contained in the Complaint or any other pleading in this Action, nor does it constitute any finding of liability against Defendant;

5) The Plaintiff is acting as a private attorney general in bringing the Action and enforcing the ADA;

6) The Court's jurisdiction over this matter shall continue for twenty-four (24) months; and

7) This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged or could have been alleged by Plaintiff in the Action based on, or arising out of, or in connection with, the allegations of the Complaint.

NOW THEREFORE, the Court approves the Consent Decree and in doing so specifically adopts it and makes it an Order of the Court.

SO ORDERED

_____
Honorable Andrew L. Carter, Jr.

Dated: December 28, 2020